# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

**WILLIAM F. KENNEDY**      **PLAINTIFF**

**VS.**      1:20-cv-341-HSO-JCG

**VERIZON BUSINESS NETWORK SERVICES, LLC**      **DEFENDANT**

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Verizon Business Network Services, LLC, ("Verizon") files this Notice of Removal of the Civil Action styled *William F. Kennedy v. Verizon Business Network Services, LLC*, No. A2401-2020-474, from the Circuit Court of Harrison County, Mississippi, to the United States District Court for the Southern District of Mississippi, Southern Division. In support of this Notice, Verizon states the following:

### I    FACTUAL AND PROCEDURAL BACKGROUND

1. This lawsuit arises from Plaintiff's employment with Verizon. (Complaint attached as Exhibit 1). On October 8, 2020, Plaintiff filed his lawsuit alleging state law claims of intentional and negligent infliction of emotional distress, constructive discharge, and discharge in violation of public policy in the Circuit Court of Harrison County, Mississippi. *See* Compl. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders filed with the Circuit Court of Harrison County are attached as Exhibit 2.

2. In his Complaint, Plaintiff alleges that he is an adult resident citizen of the First Judicial District of Harrison County, Mississippi. *See* Compl. ¶ 1.

3. Plaintiff also alleges that Verizon is a corporation formed under the laws of Delaware, domiciled in Delaware which regularly conducts the business of telecommunications in Harrison County, Mississippi. *See* Compl. ¶ 2.

4. Plaintiff requests an unspecified amount of damages for actual, special, compensatory and punitive damages and reasonable attorney's fees and costs. *See* Compl. ¶ 37.

## II.   BASIS FOR REMOVAL

5. The Court has diversity jurisdiction over this matter under 28 U.S.C. § 1332 because (1) the amount in controversy exceeds $75,000.00, exclusive of interest and costs; and (2) there is diversity of citizenship between Plaintiff and Verizon.

**A.   The Amount-in-Controversy Requirement is Satisfied.**

6. Although the Complaint does not contain a specific monetary demand, Plaintiff seeks to recover for a litany of damages—pain and future lost income and benefits; past and future emotional distress; past and future humiliation, embarrassment and inconvenience; past and future mental anxiety and stress; past and future damages to reputation; and attorney's fees and costs—that demonstrates more than $75,000 is in controversy. *See* Compl.¶ 36

7. For instance, Plaintiff's lost income and benefits could be significant as Plaintiff was earning in excess of $75,000 at the time his employment ended with Verizon.

8. Additionally, Plaintiff claims to be entitled to punitive damages. *See* Compl. ¶ 37. "Claims for punitive damages are included in the calculation of the amount in controversy." *Thomas v. NBC Universal, Inc.*, 694 F. Supp. 2d 564, 567 (S.D. Miss. 2010) (citing *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998)). And, "federal courts in Mississippi have consistently held that a claim for an unspecified amount of punitive damages

JSG 4813-0908-1809
3000014-000001

is deemed to exceed the federal jurisdictional minimum." *Sun Life Assur. Co. of Canada (U.S.) v. Fairley*, 485 F. Supp. 2d 731, 735 (S.D. Miss. 2007) (citing cases).

9.  Further, "estimated attorney's fees through trial" are "included in the amount in controversy." *Christiana Trust v. Henderson*, 2016 WL 3930783, at *2 (S.D. Tex. Jan. 20, 2016) (citations omitted).  If this matter goes to trial, attorneys' fees would likely single-handedly reach the threshold amount in controversy.  *See Raspa v. Home Depot*, 533 F. Supp. 2d 514, 522 (D.N.J. 2007) ("attorneys' fees, which alone can exceed six figures" satisfied amount-in-controversy requirement).

10. Therefore, the amount in controversy requirement is met because the Complaint seeks damages in excess of $75,000.00, exclusive of interest and costs.

**B.   Complete Diversity Exists between Plaintiff and Verizon.**

11. Diversity of citizenship exists because Verizon is diverse from the Plaintiff.

12. Plaintiff is an adult resident citizen of the State of Mississippi, residing in Harrison County, Mississippi.  Compl. ¶ 1.  Therefore, Plaintiff is a citizen of Mississippi.

13. Verizon Business Network Services, LLC, f/k/a Verizon Business Network Services, Inc.,[1] is a Delaware limited liability company with its principal place of business in Basking Ridge, New Jersey.[2]  "[T]he citizenship of a LLC is determined by the citizenship of all of its members."  *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008).

---

[1] *See* Mississippi Secretary of State Business Conversion attached as Exhibit 3.

[2] *See Swindol v. Aurora Flight Sciences Corp.*, 805 F.3d 516, 519 (5th Cir. 2015) ("Federal Rule of Evidence 201(b)(2) provides that courts 'may judicially notice a fact that is not subject to reasonable dispute because it…can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.' We conclude that the accuracy of these public records contained on the Mississippi Secretary of State's and the Virginia State Corporation Commission's websites cannot reasonably be questioned.") (citing *Coleman v. Dretke*, 409 F.3d 665, 667 (5th Cir. 2005); *see also CMS Consultants, LLC v. Aries Building Systems*, *LLC*, No. 5:18-CV-30-DCB-MTP, 2020 WL 1853755, at *1 (S.D. Miss. Jan. 7, 2020) (opining that LLC's sole member was a citizen of the State of Texas based on filing with Mississippi Secretary of State's office)).

Verizon's sole member is Verizon Business Global, LLC, a Delaware limited liability company with its principal place of business in Lake Mary, Florida.[3] Verizon Business Global, LLC's sole member is Verizon Communications, Inc., a Delaware corporation with its principal place of business in New York.[4]

14. Because Plaintiff is a citizen of Mississippi and Verizon is not, complete diversity exists pursuant to 28 U.S.C. § 1332.

### III. COMPLIANCE WITH PROCEDURES OF REMOVAL

15. Verizon was served with a copy of the Summons and Complaint on October 13, 2020. This Notice of Removal is therefore timely filed under 28 U.S.C. §§ 1441 and 1446 because it has been no more than thirty days since Verizon was served.

16. This case is properly removed to the United States District Court for the Southern District of Mississippi, Southern Division, because that is the district in which the state court action was filed. *See* 28 U.S.C. §§ 1446(a), 104(b)(3).

17. Promptly after filing this Notice of Removal, Defendant shall give written notice of the removal to Plaintiff and to the clerk of the Harrison County, Mississippi Circuit Court as required by 28 U.S.C. § 1446(d).

WHEREFORE, Defendant Verizon Business Network Services, LLC respectfully removes this action from the Circuit Court of Harrison County, Mississippi to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

---

[3] *See* Florida Secretary of State 2020 Foreign LLC Annual Report attached as Exhibit 4.
[4] *See* New York Secretary of State Entity Information attached as Exhibit 5.

This, the 12th day of November, 2020.

          VERIZON BUSINESS NETWORK
          SERVICES, LLC

          By its Attorneys,

          BAKER DONELSON BEARMAN
          CALDWELL & BERKOWITZ, PC

          */s/ Jennifer G. Hall*
          JENNIFER G. HALL

Jennifer G. Hall (MSB #100809)
Juan Hernandez (MSB# 104787)
BAKER, DONELSON, BEARMAN,
 CALDWELL & BERKOWITZ, PC
One Eastover Center, 100 Vision Drive, Suite 400
Jackson, MS 39211
Telephone: (601) 351-2400
Facsimile: (601) 351-2424
Email: jhall@bakerdonelson.com
    jhernandez@bakerdonelson.com

## CERTIFICATE OF SERVICE

  I hereby certify that I have electronically filed the foregoing Notice of Removal with the Clerk of the Court using the ECF System, which will send notification of such filing to registered participants. I further certify that I have served a copy of the foregoing via U.S. Mail on the following:

  Stacie E. Zorn
  Heidelberg Steinberger, P.A.
  711 Delmas Avenue
  Pascagoula, MS 39567

  *Counsel for Plaintiff*

This, the 12th day of November, 2020.

          */s/ Jennifer G. Hall*
          JENNIFER G. HALL

JSG 4813-0908-1809
3000014-000001